IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:11-2133-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Antonio Belester Hill, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. Defendant's motion contains grounds for relief contending he received ineffective assistance of counsel. The Government has filed a motion to dismiss, asserting that the § 2255 motion is untimely. Defendant has responded in opposition to the Government's motion.

**I. BACKGROUND**

In 2011, Defendant was indicted for, *inter alia*, his role in a drug distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and § 846, as well as felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). On February 8, 2012, Defendant entered into a plea agreement with the Government. On that same day, Defendant appeared with counsel and entered a guilty plea to the offenses noted above.

On May 11, 2012, Defendant appeared with counsel for sentencing. Defendant was sentenced to 120 months' imprisonment as to each count, with these sentences to run concurrently. The written Judgment Order containing Defendant's sentence was filed May 14, 2012. Defendant did not appeal his conviction or sentence. Defendant filed the current motion on July 30, 2013.[1]

---

[1] Defendant's motion was received by the Clerk of Court on August 1, 2013. However, because Defendant is incarcerated, he benefits from the "prison mailbox rule" enunciated in *Houston*

1

## II. TIMELINESS

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant's motion for relief was not filed until July 30, 2013. Defendant argues that under the Supreme Court's holding in *Castro v. United States*, 540 U.S. 375, 377 (2003), the calculation period for determining the one-year limitation period did not begin until ninety (90) days after entry of the Judgment Order on the court's docket.

Defendant's argument is misplaced. The time period provided for in *Castro* applies if a defendant pursues a direct appeal. Defendant did not file a direct appeal of his conviction and sentence. Therefore, his conviction became final May 14, 2012. *See*, *e.g.*, *United States v. Osborne*, 452 F. App'x 294 (4th Cir. 2011) (conviction of defendant who did not seek direct review became

---

*v. Lack*, 487 U.S. 266 (1988).

2

final on day judgment order entered on docket); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (same).[2] Accordingly, Defendant had one year from May 14, 2012, to file a motion for relief. This he did not do.

Therefore, Defendant's motion is untimely under the statutory provisions of § 2255.

### III. EQUITABLE TOLLING

The Supreme Court has determined that the time limit for the filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549 (2010).[3] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Defendant provides no argument why equitable tolling should apply to his motion. Accordingly, the court finds that Defendant is not entitled to equitable tolling.

---

[2] The Circuit Courts are split as to when a judgment of conviction becomes final for purposes of § 2255(f)(1), where, as here, the Defendant files no appeal. The Second, Third, Sixth, Tenth and Eleventh Circuits have held that "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (emphasis added). *Accord United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir.2000); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). However, as noted above, the Fourth Circuit has held differently. Under either interpretation, Defendant's motion would be untimely.

[3] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

3

## V. CONCLUSION

Because Defendant's motion is untimely, and equitable tolling does not apply, this motion is subject to dismissal. Accordingly, the Government's motion to dismiss is granted and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 2, 2013