IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:11-2133-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Antonio Belester Hill, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 98. Defendant argues that equitable tolling should apply to his motion because he had difficulty receiving material from his previous attorney. *See generally* Motion.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant failed to include this argument in his previously-submitted response in opposition to the Government's motion to dismiss the § 2255 motion as untimely. Defendant clearly could have included this information in his previous response and it appears to be an attempt by an "unhappy litigant [to get] one additional chance to sway the judge." *Id*.

1

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 22, 2013